# DOCKET NUMBERS 24-1177

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

**PHILLIP JERGENSON,**

*Plaintiff-Appellee*

v.

**INHALE INTERNATIONAL LIMITED,**

*Defendant-Appellant*

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION
## (D.C. No. 1:22-CV-02040).

## APPELLANT'S MOTION FOR A
## THIRTY (30) DAY EXTENSION OF TIME TO FILE OPENING BRIEF

Louis F. Teran
SLC Law Group
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
(818) 484-3217 x200

*Counsel for Defendant/Appellant*

Defendant/Appellant Inhale International Limited ("Appellant") hereby moves for a thirty (30) day extension of time of up to and including April 29, 2024 to file Appellant's Opening Brief. No previous extensions were requested or granted. Respondent objects to this motion.

**APPELLANT SEEKS A 30-DAY EXTENSION FOR OPENING BRIEF**

Pursuant the Briefing Notice issued on February 9, 2024, Appellant's Opening Brief is due on March 29, 2024. Appellant has made substantial progress preparing its Opening Brief. However, in light of the reasons stated below, Appellant requires more time to adequately complete its brief. This request is not made to unduly delay or prejudice Respondent in any manner. Thus, Appellant seeks a 30-day extension of time of up to and including April 29, 2024 to file the Opening Brief for the reasons set forth below:

A. **Engagement of counsel in other litigation**

First, the briefing schedule for this case unexpectedly coincided with another briefing schedule in which Appellant's counsel is engaged. Appellant's counsel is engaged in an appeal before the Fifth Circuit in the case of Ashh, Inc. v. URZ Trendz, LLC (5th Cir. Case No. 23-20614). Appellant's counsel also represents the appellant in the 5th Circuit appeal and appellant's opening brief in that case was due on March 6, 2024, which overlapped a substantial portion of the briefing

schedule in this case.

Secondly, the briefing schedule for this case unexpectedly coincided with another briefing schedule in which Appellant's counsel is engaged. Appellant's counsel is engaged in a case before the U.S. District Court for Western District of Texas (D.C. Case No. 1:18-cv-00762). Appellant's counsel represents the plaintiff in that case. On January 31, 2024, the district court ordered defendant to file a motion for summary judgment. The district court ordered plaintiff (represented by Appellant's counsel) to file an opposition by February 21, 2024. Thus, the briefing schedule for the district court case overlapped with a portion of the briefing schedule in this case.

### B. Appellant and Its Counsel Were Engaged In Court Ordered Mediation

On February 8, 2024, this Court ordered the parties to participate in mediation pursuant Circuit Rule 33. The Court ordered mediation was scheduled for February 29, 2024. Appellant participated in the mediation as required by this Court. At the end of the mediation, the mediator made a mediator's proposal and asked the parties to take about a week to review and submit their response to the mediator's proposal. After review of the case, Appellant elected to reject the mediator's proposal. At the time, the mediator requested Appellant to provide a counter-proposal. Ultimately, the court ordered mediation did not settle this case.

But the mediation schedule overlapped with a portion of the briefing schedule in this case.

### C. <u>This matter is complex</u>

This matter requires thorough review of the record to establish abuse of discretion. As such, this case is fact intensive and requires an extensive and careful scrutiny of the entire record.

### D. <u>Hardship will result unless an extension is granted</u>

Due to the unanticipated scheduling conflicts presented by the two unrelated case in which Appellant's counsel is engaged, and the time spent by Appellant participating in good faith in mediation as required by this Court, the current briefing schedule poses some undue hardship on Appellant. More specifically, Appellant's counsel is in need for more time to thoroughly review the entire record and prepare a complete brief. An extension of Appellant's briefing deadline will not prejudice Respondent.

### <u>NO PRIOR EXTENSIONS WERE REQUESTED OR GRANTED</u>

Appellant has not requested any prior extensions of time. Even more, this Court has not previously extended the due date for Appellant's Opening Brief. This Motion is not being filed with an intent to unduly delay or prejudice Respondent.

4

## **CONCLUSION**

Based on the foregoing, Appellant respectfully request this Court to grant this motion and extend the due date for Appellant's Opening Brief to April 29, 2024.


DATED: March 21, 2024

By:_____

Louis F. Teran
Attorney for Defendant/Appellant.

# CERTIFICATE OF SERVICE

(All Case Participants are Registered for the Appellate CM/ECF System)

I HEREBY CERTIFY that on March 21, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF.

I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: March 21, 2024

By: _____

Louis F. Teran
Attorney for Defendant/Appellant.

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This motion complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this motion contains 643 words, excluding the parts of the motion exempted by Fed.R.App.P. 32(a)(7)(B)(iii).  This motion complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size.

DATED:  March 21, 2024

By:_____

Louis F. Teran
Attorney for Defendant/Appellant.