No. 24-1177

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

Phillip Jergenson,

      Plaintiff -- Appellee,

v.

Inhale International Limited,

      Defendant – Appellant.

_____

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
Case No. 1:21-cv-02040
The Honorable Judge Manish S. Shah

_____

BRIEF OF THE
DEFENDANT-APPELLEE, PHILLIP JERGENSON

_____

<div style="margin-left:40%">

Joseph E. Tighe
Reyes Kurson, Ltd
328 South Jefferson Street, Suite 909
Chicago IL 60661
Telephone: 312-332-0055

*Attorney for Appellee,*
*Phillip Jergenson*

</div>

ORAL ARGUMENT REQUESTED

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:        24-1177

Short Caption:        <u>Phillip Jergenson v. Inhale International Limited</u>

       To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

(1)    The full name of every party that the attorney represents in the case: Phillip Jergenson;

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: Reyes Kurson, Ltd, and Flener IP & Business Law;

(3) Phillip Jergenson is not a corporation, an Organizational Victim in a criminal case, or a Debtor.

Attorney's Signature:        _/s/ Joseph E. Tighe_        Date:        May 29, 2024

Attorney's Printed Name:        Joseph E. Tighe

*Attorney is Counsel of Record*

Address:        328 South Jefferson Street,
                Suite 909, Chicago, IL 60661
Phone Number:        (312) 332-0055
Fax Number:        (312) 332-0419
E-Mail Address:        jtighe@rkchicago.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

JURISDICTIONAL STATEMENT ............................................................................ 1

STATEMENT OF THE ISSUES ................................................................................. 2

STATEMENT OF THE CASE .................................................................................... 2

SUMMARY OF ARGUMENT ................................................................................... 4

ARGUMENT ............................................................................................................... 5

   I.   Standard of Review ........................................................................................... 5

   II.   The District Court Properly Denied Inhale's Motion for Attorneys' Fees ............... 6

      A.   The district court properly applied *Octane Fitness* in determining that this case was not exceptional ........................................................................................ 7

      B.   The district court properly found that Jergenson's litigating position was not exceptionally weak ................................................................................... 7

      C.   The district court properly found that Jergenson's litigation conduct was reasonable and did not justify fee-shifting ........................................................ 12

   III.   Inhale's Remaining Arguments Fail to Show Objective Unreasonableness ...... 14

      A.   The district court properly rejected Inhale's allegations of fraud and trademark abandonment .................................................................................. 15

         a. The district court fully adjudicated Inhale's claims of fraud in deciding plaintiff's motion to dismiss Inhale's counterclaim ............................. 15

         b. The district court properly relied on the presumption of validity .............. 17

      B.   The district court was reasonable in holding that Jergenson was not aware of the potentially small damages until after discovery .................................... 18

      C.   The argument regarding other defendants is irrelevant and does not justify an award of attorneys' fees ........................................................................... 20

   IV.   Inhale Improperly Seeks to Re-Litigate Fully Adjudicated Matters ................. 20

CONCLUSION .......................................................................................................... 22

RULE 32(a) CERTIFICATION ............................................................................... 23

# TABLE OF AUTHORITIES

## CASES

*BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081 (7th Cir. 1994) ....................................... 5

*Bothyo v. Moyer*, 772 F.2d 353 (7th Cir. 1985) ........................................................................... 6

*Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984) .................................... 5-6

*Door Systems Inc. v. Pro-Line Door Sys.*, 126 F. 3d 1028 (7th Cir. 1997) ................................. 8

*Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834 (7th Cir. 2010) ............................... 10

*Hanover Star Milling Co, v. Metcalf*, 240 U.S. 403 (1916) ........................................................ 18

*Heraeus Kulzer, GMBH v. Biomet, Inc.*, 881 F.3d 550, 563 (7th Cir. 2018) ............................ 21

*Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758 (7th Cir. 2010) ............................................... 5

*Jaffee v. Redmond*, 142 F.3d 409 (7th Cir. 1998) ........................................................................ 6

*Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427 (7th Cir.1999) ............... 9

*Joseph v. Landon*, 679 F.2d 113 (7th Cir. 1982) .......................................................................... 6

*Kunz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008) ........................................................................ 10

*Lettuce Entertain You Enterprises, Inc. v. Leila Sophia AR, LLC*, 703 F. Supp. 2d 777 (N.D.
    Ill. 2010) .................................................................................................................................. 9

*LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384 (7th Cir. 2019) ........................ 5, 6, 7, 8, 12

*LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962 (7th Cir. 2021).... 5, 7, 8, 12

*Milwaukee Area Joint Apprenticeship Training Comm. v. Howell*, 67 F.3d 1333 (7th Cir. 1995)
    .................................................................................................................................................. 16

*Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868 (N.D. Ill. 2008). 16

*Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666 (7th Cir.1982) .......................................... 16

*Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) ................................... 1

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) .... 5, 6, 7, 8, 9, 13, 14

*Pony Express Courier Corp. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir.1989)
    .................................................................................................................................................. 17

*Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) ............................................................... 21

*Suh v. Rosenberg*, 437 F.2d 1098 (9th Cir. 1971) ........................................................................ 6

*T.A.B. Systems v. Pactel Teletrac*, 77 F.3d 1372 (Fed.Cir.1996) ............................................... 9

*TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d
    248 (7th Cir. 2004) ................................................................................................................... 8

*Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081 (7th Cir.1982) .................................... 6

## STATUTES

15 U.S.C. § 1114(1)(a) ................................................................................................................. 9

15 U.S.C. § 1115 ......................................................................................................................... 17

15 U.S.C. § 1117(a) ........................................................................................................ 4, 8, 9, 14

15 U.S.C. § 45f ........................................................................................................................... 10

15 U.S.C. §1114 ........................................................................................................................... 1

15 U.S.C. §1125 ........................................................................................................................... 1

28 U.S.C. § 1291 .......................................................................................................................... 1

28 U.S.C. §1331 ................................................................................................................. 1
28 U.S.C. §1367 ................................................................................................................. 1

**OTHER SOURCES**

McCarthy on Trademarks & Unfair Competition, § 31:74 (5th Ed. 2024) ........................... 17

## JURISDICTIONAL STATEMENT

Appellants' jurisdictional statement is not complete and correct, but the District Court had and this Court has jurisdiction. Phillip Jergenson ("Appellee" or "Jergenson") sued Inhale International Limited ("Appellant" or "Inhale") in the U.S. District Court for the Northern District of Illinois, alleging claims for trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. §1114, false designation of origin, 15 U.S.C. §1125, violations of the Uniform Illinois Deceptive Trade Practices Act and civil conspiracy.

The district court had original subject matter jurisdiction over the Lanham Act claim under 28 U.S.C. §1331 (federal question) because that claim arose under the laws of the United States. The district court had jurisdiction over Jergenson's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction).

Inhale filed its motion for attorneys' fees on June 30, 2023 [89]. Following briefing, on December 27, 2023, the district court denied Inhale's motion, supporting its decision with a written opinion.[93] at 2, Op. Brf. App'x at 2.

The district court's order was a final decision for purposes of 28 U.S.C. § 1291. (*See*, *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999) ("the judgment and the award of attorneys' fees are separate appealable orders")) Inhale's January 17, 2024 notice of appeal from that order was timely and conferred jurisdiction on this Court [94].

## STATEMENT OF THE ISSUES

Inhale's opening brief purports to identify six separate issues for this court's review. However, there is only one issue properly before this court: whether the district court abused its discretion in finding that the case was not "exceptional," thereby not justifying fee-shifting.

Jergenson's brief will address the additional arguments presented in Inhale's opening brief in Arguments III and IV, below.

## STATEMENT OF THE CASE

This appeal arises from a trademark infringement lawsuit filed by Phillip Jergenson against Inhale International Limited and 240 other defendants. Jergenson alleged that the defendants, including Inhale, were involved in mass counterfeiting of products using the federally registered trademark "PROTO PIPE."

Jergenson is the owner of the "PROTO PIPE" trademark, which is registered with the United States Patent and Trademark Office (USPTO). Jergenson created the PROTO PIPE in the 1970s.

On April 19, 2022, Jergenson filed a lawsuit in the United States District Court for the Northern District of Illinois [1], asserting claims under the Lanham Act for trademark infringement. Shortly after filing, Jergenson obtained a Temporary Restraining Order (TRO) [16] based upon an initial showing of the need for a TRO founded upon facts stated to the District Court requiring third party e-commerce platforms, including Alibaba, to provide expedited discovery concerning the defendants' contact information and sales related to the PROTO PIPE trademark. On

July 11, 2022, Plaintiff filed a Motion for Preliminary Injunction against defendants including Inhale[20].

On July 20, 2022, Inhale filed its Motion to dissolve the TRO and opposition to plaintiff's motion for preliminary injunction [24]. Following briefing, the district court granted Jergenson's motion for a preliminary injunction [65], enjoining Inhale from using the PROTO PIPE trademark.

Inhale filed counterclaims on July 20, 2022, alleging fraud on the USPTO by Jergenson [26]. Inhale contended that Jergenson had abandoned the trademark in 1987 when he sold his business and that his subsequent trademark registration was fraudulent. *Id*. The district court dismissed Inhale's counterclaims, finding that they failed to meet the strict criteria of Rule 9(b) and did not specify the "who, what, when, where, and how" of the alleged fraud [65].

On March 29, 2023, after significant discovery and motion practice, including a denied motion to compel, Jergenson voluntarily dismissed his claims against Inhale with prejudice, citing the high costs of discovery relative to potential recovery [83]. The district court entered final judgment dismissing the case against Inhale on April 7, 2023 [87].

Inhale subsequently filed a motion for attorneys' fees under 15 U.S.C. § 1117(a) on June 30, 2023 [89], arguing that the case was "exceptional" and that Jergenson's claims were baseless and pursued in bad faith. Inhale claimed that Jergenson had abandoned the trademark and fraudulently obtained the trademark registration from the USPTO. *Id*.

On December 27, 2023, the district court denied Inhale's motion for attorneys' fees. [93] at 6, Op. Brf. App'x at 6. Following the guidance of *Octane Fitness*, the court divided its analysis into two sections. First, it considered the substantive strength of Jergenson's litigation position. *Id* at 3. Second, it considered whether Jergenson had litigated unreasonably. *Id* at 5 . This portion of the court's analysis addressed Inhale's arguments regarding Jergenson's motives, discovery conduct, and several related issues. The court found that Jergenson had a good faith basis for bringing the lawsuit, given the presumptive validity of the registered trademark. The court also concluded that Inhale failed to prove that Jergenson's claims were objectively unreasonable or that Jergenson engaged in litigation misconduct warranting an award of attorneys' fees. *Id*.

Inhale appeals the district court's denial of its motion for attorneys' fees.

## SUMMARY OF ARGUMENT

This Court should affirm the district court's decision denying attorney's fees to Inhale. The district court properly applied the *Octane Fitness* analysis to determine any entitlement Inhale might have had to attorneys' fees. The district court concluded that Phillip Jergenson's claims were neither frivolous nor objectively unreasonable.

The Seventh Circuit utilizes an "abuse of discretion" standard to review decisions regarding attorneys' fees under the Lanham Act. Unless it lacks a reasonable basis or shows a significant misunderstanding or misapplication of the law, the district court's decision must be affirmed. The district court's decision here was well-grounded in both the facts presented and the relevant legal principles.

The district court correctly determined that this case did not meet the *Octane Fitness* for being "exceptional," necessary for awarding attorneys' fees to defendants under the Lanham Act. The court examined whether the litigation stood out from others concerning either the substantive strength of the litigating position or the manner in which the litigation was conducted. The court found that Jergenson's litigation position was neither frivolous nor objectively unreasonable, and his conduct did not rise to an oppressive level that would justify fee-shifting.

## ARGUMENT

### I.     Standard of Review

This Court has made it clear that "its review of a district court's decision to deny attorneys' fees under the Lanham Act 'is one of abuse of discretion.'" *LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 965 (7th Cir. 2021) ("*LHO II*") (*citing, LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384 (7th Cir. 2019) (("*LHO I*")) and *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994) ("A decision to award attorneys' fees under the Lanham Act is firmly committed to the district court's discretion ....")). When reviewing a district court's decision to award or deny attorneys' fees for abuse of discretion, this Court "will not disturb the district court's finding if it has a basis in reason." *Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 779 (7th Cir. 2010) (internal quotation marks omitted).

"Under the 'abuse of discretion' standard of review, the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place, but rather, whether any reasonable person could agree with the district court."

*Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir. 1984) (*citing, Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982)). The standard of review is deferential. *LHO I*, 942 F.3d at 967 ("This is a deferential standard; '[w]hen a district court exercises its discretion to deny fees as a result of its subjectively superior understanding of the litigation, we routinely affirm the decision of the district court.'") (*citing, Jaffee v. Redmond*, 142 F.3d 409, 412 (7th Cir. 1998)).

This Court has decided that an abuse of discretion may only be found if there is no evidence to support a decision or if the decision is based on an improper understanding of the law. *Joseph v. Landon*, 679 F.2d 113, 116 (7th Cir. 1982) (*citing, Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir. 1971); *Bothyo v. Moyer*, 772 F.2d 353, 355 (7th Cir. 1985)). The district court's decision here is based on competent evidence and a correct reading of the law.

## II.     The District Court Properly Denied Inhale's Motion for Attorneys' Fees

Jergenson submits that the only issue properly before this Court is the district court's denial of Inhale's motion for attorneys' fees. Inhale purports to raise additional issues in its brief, and those issues will be addressed in Arguments III and IV, below.

In denying Inhale's motion for attorneys' fees, the District Court meticulously applied the *Octane Fitness* standard, thoroughly assessing whether the case was exceptional by considering both the substantive strength of Jergenson's litigating position and the manner in which the litigation was conducted. The court found that Jergenson's actions were neither frivolous nor objectively unreasonable, which aligned

with the legal criteria that exceptional cases must significantly stand out from others. This adherence to precedent ensures that the award of attorneys' fees remains reserved for truly extraordinary circumstances, thus supporting the court's decision to reject Inhale's request based on the findings that Jergenson's litigation was conducted in a justifiable and standard manner.

### A. The district court properly applied *Octane Fitness* in determining that this case was not exceptional

The District Court identified *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), as the legal standard governing Inhale's fee request, and it applied that standard in deciding the motion. *See* [93] at 2, 3, Op. Brf. App'x at 2, 3. "A case can be 'exceptional' if the court determines, under the totality of the circumstances, that it 'stands out from others with respect to [1] the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or [2] the unreasonable manner in which the case was litigated.'" *LHO II*, 988 F.3d at 967 (*quoting, Octane Fitness*, 572 U.S. at 554).

### B. The district court properly found that Jergenson's litigating position was not exceptionally weak

As this Court has held, "the court need not consider any inflexible set of elements to determine whether the factual or legal weaknesses of a party's litigating position make a case exceptional." *LHO II*, 988 F.3d at 967. "Relevant considerations at least include 'frivolousness' and 'objective unreasonableness'." *Id.* (*citing, LHO I*, 942 F.3d at 386 (*quoting, Octane Fitness*, 572 U.S. at 554)). Here, Inhale failed to persuade the district

court that Jergenson's litigation position was exceptionally weak, as his litigation purpose was neither frivolous nor objectively unreasonable. This determination should not be disturbed on appeal:

> Playing hard—by the rules—cannot suffice to make a case exceptional under § 1117(a). As we have said previously and repeat here, litigation conduct must rise to the level of oppressive in order to justify declaring a case exceptional. *See* [*Door Systems Inc. v. Pro-Line Door Sys.,* 126 F.3d 1028], 1031[(7th. Cir. 1997)] (defining an oppressive suit as "something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort.")

*TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator,* 392 F.3d 248, 265 (7th Cir. 2004).

In its opening brief at pp. 12-13, Inhale ignores the most important factor in deciding a fee petition under 15 U.S.C. §1117(a): the court's equitable consideration of the litigation posture of the non-prevailing party under the totality of the circumstances. *LHO I*, 942 F.3d at 388-89 (*discussing, Octane,* 572 U.S. at 554). The district court properly noted that the "nonexclusive" list of equitable factors, such as "frivolousness, motivation, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence," ([93] at p. 3 (*quoting, Octane*, 572 U.S. at 554)) also failed to warrant a finding that Jergenson's litigation position rose to the necessary level to be "exceptional." The district court concluded that Inhale had not proven by a preponderance of the evidence that the matter was "exceptional." *Id.*

Jergenson brought this action to enforce his rights in the PROTO PIPE trademark, a mark that is presumptively valid due to its registration with the USPTO. The district

court correctly recognized that Jergenson had a reasonable basis to believe that Inhale was infringing on his trademark, as evidenced by Inhale's product listing on Alibaba. Although Inhale argued that the listing was not an offer for sale, Jergenson had a good faith belief, supported by the listing's appearance and context, that it constituted an infringement of his trademark rights. The Lanham Act permits enforcement of trademark rights against entities offering infringing goods, even if direct sales are not conclusively proven. 15 U.S.C. § 1114(1)(a).

Inhale argues that the District Court erred by finding that Inhale had not shown that "Jergenson did not have a good faith belief that Inhale was "*offering for sale* and selling" the accused product at the time Jergenson brought the case. Op. Brf. at 13, *quoting,* [93] at 3, Op. Brf. at 3, emphasis added. Section 32 of the Lanham Act prohibits the unpermitted use of a trademark in connection with "offering for sale" and with "advertising" any goods or services likely to cause confusion, or to cause mistake, or to deceive." (15 U.S.C. § 1114(1)(a); *See also,* [91] at 4).

Further, "the commercial use of a mark is not limited to cases where it was attached to a product that was actually sold." *Lettuce Entertain You Enterprises, Inc. v. Leila Sophia AR, LLC,* 703 F. Supp. 2d 777, 784 (N.D. Ill. 2010). Commercial use also extends to advertising and promotional activities. *See, Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F.3d 427, 434 (7th Cir.1999) (*citing, T.A.B. Systems v. Pactel Teletrac,* 77 F.3d 1372, 1375 (Fed.Cir.1996)). Inhale's commercial use of Jergenson's trademark is the gravamen of his Complaint.

Inhale incorrectly claims that its product listing on Alibaba.com did not constitute an "offer" or "advertising" because purchasing certain products required negotiation between the offeror and buyer, even though, as established in the Record, the products Inhale presented appeared on the Alibaba e-commerce site. Op. Brf. at 17. The Record reveals, "Alibaba only opens product listings when merchants create and submit their product postings. Merchants have complete control over the product name, description, pricing, and keywords on their product listing." [91] at 5.

Inhale further argues, incorrectly, that the Alibaba marketplace "is primarily a directory of manufacturers." Op. Brf. at 17. It is not.[1] Alibaba is an internet e-commerce platform, indistinguishable in essence from Amazon or eBay. *See,* 15 U.S.C. § 45f (defining "online marketplace" as a "consumer-directed electronically based . . . platform that . . . includes features that ( ) allow for, facilitate, or enable third party sellers to engage in the sale, purchase, payment, storage, shipping, or delivery of a consumer product in the United States.").

In opposition to Inhale's petition for attorneys' fees, Jergenson demonstrated to the district court's satisfaction that Inhale's contentions were incorrect, in part because

---

[1] The district court noted in its order dismissing Inhale's counterclaim that the argument that Inhale was a passive participant and not a merchant on an e-commerce platform had been raised for the first time in Inhale's supplemental memorandum concerning the tobacco exception to the Controlled Substances Act [57] that exceeded the scope of the four questions posed by the Court about the applicability of the Tobacco exception to Jergenson's product, and was therefore waived by failure to have raised it in response to Jergenson's motion to dismiss. *See* [65] at 6-7 n.3. It remains waived here. *Fednav Intern. Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 841 (7th Cir. 2010), *citing, Kunz v. DeFelice,* 538 F.3d 667, 681 (7th Cir. 2008).

"Alibaba's official guide (for third party merchants) (…), stat(es) that buyers can either negotiate or <u>buy right away</u>[,]" i.e., without negotiating the price. [91] at 5 (emphasis added), referencing Ex. C [91-4] to the Declaration of James Judge submitted in support of the opposition. In submitting a listing to Alibaba, a merchant had the option to label a product as "ready to ship," in order to be able to sell through Alibaba without negotiation or any involvement by the platform. A "ready to ship" notice to Alibaba caused a "Start Order" button to appear on the product listing. *Id.* at 5-6. Jergenson reasonably relied on the "Start Order" button in listing Inhale as a defendant, as it appeared on Inhale's listing for a "Nickel Brass Old School Pipe Metal Tobacco *Proto Pipe*" (italics added), depicted in Exhibit D [91-5] to the Judge Declaration, which is reproduced in relevant part here:



[91] at 5-6.

This matter was initially based upon a reasonable determination that Defendant was advertising, offering for sale and selling smoking pipes that infringed Plaintiff's

registered trademark. The district court correctly relied upon Jergenson's valid and confirmed belief when he filed the action that Inhale was infringing the PROTO PIPE trademark.

Inhale is incorrect in claiming Jergenson did not own the trademark when the suit was filed. The district court also appropriately relied on the presumption of validity afforded to Jergenson's registered trademark. Inhale's arguments regarding Jergenson's abandonment of the trademark in 1987 and alleged fraud in obtaining the registration were insufficient to overcome this presumption. [93] at 4-5, Op. Brf. App'x. at 4-5. The court found no clear and convincing evidence that Jergenson knowingly made false statements to the USPTO. *Id.* The court recognized that disputes over the validity of a trademark do not, in themselves, render a case exceptional. *Id.* at 4.

### C.     The district court properly found that Jergenson's litigation conduct was reasonable and did not justify fee-shifting

The district court properly found that Jergenson's conduct during the litigation was reasonable and did not warrant fee-shifting under the Lanham Act. The district court is required to consider factors such as Jergenson's "motivation" and "the need in particular circumstances to advance considerations of compensation and deterrence." *LHO II*, 988 F.3d at 969 (*citing, LHO I*, 942 F.3d at 386).

Inhale argues that Jergenson unreasonably pursued this case even though Jergenson knew that the case could only result in minuscule damages after attaining records pursuant to the TRO early in the case. In its opening brief, Inhale states:

> Jergenson filed this lawsuit and immediately sought the TRO which was granted by the District Court and ordered Alibaba to turn over all of Inhale's records to Jergenson, including sales information. [ECF No 16 at ¶4]… there is nothing on the record showing that Alibaba failed to comply with the District Court's order. As such, soon after Jergenson filed this lawsuit, he attained access to all of Inhale's records from Alibaba. Essentially, from the very start of the case, Jergenson knew exactly how many products Inhale sold through Alibaba. Despite having this information, Jergenson dragged Inhale through months of litigation only to dismiss the case under the assertion that he did not know the extent of Inhale's sales until after discovery. Such is unreasonable.

Op. Brf. at p. 35. In fact, Alibaba was less forthcoming, as recited in the Declaration of James E. Judge [91-1], one of Jergenson's attorneys, in opposition to Inhale's motion for attorneys' fees. [91]. Alibaba had *not* in fact produced any sales records about *any* defendant in the matter. The Declaration referred to Alibaba's production in response to the Subpoena served upon it, attached as Exhibit F thereto [91-7], which included the spreadsheet containing all the information Alibaba had chosen to provide to Plaintiff. The spreadsheet contained no information about sales (of any defendant), even though that information was explicitly required by the TRO. *See,* [16] at p. 4, ¶ 4b (ordering production of "all associated sales . . . and financial information).

Throughout the pendency of the case, the only information Jergenson possessed about Alibaba merchants, besides their actual email addresses, was contained in the evidence that had been collected in screenshots of the Defendants' offerings. Inhale's refusal to cooperate in discovery led Jergenson to file a motion to compel seeking information critical to his burden of proof [78], which the court denied on March 27, 2023 [82]. Without access to proof of Inhale's sales, one way or the other, Jergenson

promptly filed a motion for voluntary dismissal within two days, [83] which the court granted [87] after full briefing.

The order appealed from, denying Inhale's motion for attorneys' fees, recounts the entire history set forth above, and fully justifies Jergenson's continuing prosecution of the case:

> Inhale has presented no evidence that Jergenson was aware that his damages would be so low at the time of filing this litigation and pursuing discovery. Jergenson has presented evidence that he had a good faith basis to involve Inhale in this case and to pursue discovery.

*See* [93] at 6, Op. Brf. App'x. at 6.

Judge Shah's conclusion, after receiving all of the relevant facts and arguments from both parties and having presided over the matter for its entire existence, was not so outside the pale as to overcome the wide deference this Court affords District judges in deciding fee petitions, especially those arising under the strict requirements of 15 U.S.C. § 1117(a).

## III.    Inhale's Remaining Arguments Fail to Show Objective Unreasonableness

Inhale's remaining arguments to establish the unreasonableness of Jergenson's litigation actions fail to meet the necessary legal threshold. The district court's decisions regarding fraud allegations and trademark abandonment were grounded and appropriately upheld. Despite Inhale's assertions, the district court found no convincing evidence that Jergenson made knowingly false statements to deceive the USPTO, supported instead by his genuine belief in the validity of his trademark rights,

corroborated by legal advice. Again, this ruling happened far before the motion for fees was ever filed. Furthermore, the district court reinforced the presumption of validity that accompanies a registered trademark, which Inhale failed to convincingly rebut. Moreover, the district court reasonably held that Jergenson was unaware of the minimal potential damages until after the discovery process and even this awareness alone does not justify an award of attorneys' fees. Additionally, the district court correctly determined that the outcomes and actions involving other defendants in the original case are irrelevant to the issue of awarding attorneys' fees to Inhale, focusing instead on the specific litigation conduct and interactions between Jergenson and Inhale, and finding no justification for fee awards based on these particulars.

## A. The district court properly rejected Inhale's allegations of fraud and trademark abandonment

### a. The district court fully adjudicated Inhale's claims of fraud in deciding plaintiff's motion to dismiss Inhale's counterclaim

Inhale's allegations of fraud on the USPTO were based on its counterclaim's assertion that Jergenson falsely represented his own continuous use of the trademark since 1976. On July 20, 2022, Inhale filed its answer to the complaint, along with a counterclaim alleging, among other matters, fraud on the Patent Office in procuring the PROTO PIPE mark. [26]. Jergenson filed a motion to dismiss the counterclaims [36] on August 12, 2022, observing that Inhale's counterclaim failed to meet the strict criteria of Rule 9(b) and failed to specify the "who, what, when, where, and how" of the alleged fraud. [36-4] at 6-7.

In a Memorandum Opinion and Order issued January 12, 2023 [65], the district court agreed with Jergenson and dismissed the fraud counterclaim without prejudice, noting as well that Inhale impermissibly attempted to amend its answer in its response to Jergenson's motion. [65] at 6-7 n.3, 15-16.[2] Inhale never filed an amended counterclaim.

This Court has held that "fraud must be shown by clear and convincing evidence in order to provide a basis for either cancellation or damages," and it may be found to exist "only where there is a deliberate attempt to mislead the Patent Office into registering the mark." *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 670 (7th Cir.1982). In this appeal, Inhale attempts to revive the fraud claim rejected by the district court, newly claiming that the electronically verified statement is evidence of an intent to deceive the Trademark Office. Inhale's argument is untimely, as it was never raised in the district court, and it is, therefore, waived here, (*see, Milwaukee Area Joint Apprenticeship Training Comm. v. Howell*, 67 F.3d 1333, 1337 (7th Cir. 1995)). It is not evidence of anything but the submission of an application. Likewise, Inhale claims that there was somehow fraud in stating the actual date the PROTO PIPE mark was first used anywhere and first used in commerce, rather than his first use after reacquiring the mark. These contentions merely rehash arguments raised on the motion to dismiss Inhale's counterclaims. An incorrect use date can readily be remedied through an amendment filed with the Trademark Office since an incorrect date of first use is not a material misrepresentation. *Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F.

---

[2] This issue is discussed in Footnote 1, above.

Supp. 2d 868, 879–80 (N.D. Ill. 2008) (*citing, Pony Express Courier Corp. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir.1989) ("The claim of a date of first use is not a material allegation as long as the first use in fact proceeded the date.... There is no dispute that Baker's use preceded the application date in 1972.")); *see also,* McCarthy on Trademarks & Unfair Competition § 31:74 (5th ed.2024) (the Trademark Trial and Appeal Board has consistently held that a misstatement of the date of first use is not fraudulent so long as there has been valid use of the mark prior to the filing date).

Inhale next claims, again without evidence, that Jergenson attempted to deceive the Trademark Office by submitting his application under International Class 34 (Smoking Pipes) while falsely representing that it was intended for use with tobacco rather than cannabis. Again, this is an issue fully briefed [51], [52] upon the district court's order [42] requiring supplemental briefing as to the tobacco exception to the Controlled Substances Act and rejected by the court long before Inhale's motion for attorney's fees was filed. *See* [65] at 16.

b. The district court properly relied on the presumption of validity

A Trademark registered with the USPTO is entitled to a presumption of validity and is evidence of the owner's exclusive right to use the mark in commerce. 15 U.S.C. § 1115. Inhale claims the PROTO PIPE mark is invalid because it was obtained through fraud. This issue was raised and resolved very early in the case. *See* [42]. The district court found Inhale's counterclaim insufficient, gave Inhale leave to file an amended counterclaim, and granted Jergenson's motion for voluntary dismissal when the

inability to secure necessary information in a cost-effective manner led him to seek relief. *See* [65] Inhale never filed an amended counterclaim.

Inhale further argued that Jergenson abandoned the trademark in 1987 when he sold his business. However, the district court correctly held that Jergenson's actions in reclaiming and using the trademark, coupled with his successful registration in 2019, supported the validity of his trademark rights. The court's reliance on the presumption of validity of the registered trademark was appropriate, and Inhale did not provide sufficient evidence to rebut this presumption. *See* [42] at 4 n.3, 5-9,

**B.    The district court was reasonable in holding that Jergenson was not aware of the potentially small damages until after discovery**

The district court correctly found that Jergenson was not aware of the potentially small damages available against Inhale until after the discovery process was completed. Inhale argues that Jergenson's conduct of the lawsuit was unreasonable because he knew the amount of damages was low at the outset. Op. Brf. at p. 35.

As an initial matter, Inhale ignores the fact that trademark infringement suits are not just filed to recover damages, but to prohibit trading on others' goodwill and reputation. *See, Hanover Star Milling Co, v. Metcalf*, 240 U.S. 403, 412-13 (1916) (discussing the value of a business's goodwill and reputation). Here, Jergenson requested dismissal only after the district court denied Jergenson's motion to compel the testimony of an Inhale witness with knowledge of the facts underlying its allegation regarding sales.

When he sued, Jergenson had a reasonable basis to believe that Inhale's alleged infringement could result in significant damages. He successfully petitioned the district court to issue its TRO and Preliminary Injunction, and he pursued discovery to determine the extent of Inhale's infringing activities and the corresponding damages. Discovery is a standard and necessary procedure in complex trademark cases to uncover the full scope of potential harm and to validate the claims.

Jergenson engaged in discovery in good faith. The district court granted a preliminary injunction based on the initial evidence, indicating that, at the early stages of the litigation, Jergenson's claims had merit. Jergenson's decision to voluntarily dismiss the case when the costs of litigation were deemed to outweigh the potential recovery demonstrates his prudent and proper management of the litigation, not the type of behavior that warrants the imposition of attorneys' fees.

Inhale's assertion that Jergenson should have known about the small potential damages early in the case is both irrelevant and unsupported by evidence. The district court found no indication that Jergenson was aware of the minimal damages before engaging in comprehensive discovery. [93] at 6, Op. Brf. App'x. at 6. The court's conclusion that Jergenson had a good faith basis for pursuing the case until the full extent of damages became clear is substantiated by the record. In any event, regardless of damages, Jergenson's suit has always sought to enjoin infringement.

### C.    The argument regarding other defendants is irrelevant and does not justify an award of attorneys' fees

The other defendants in the original case have nothing to do with whether the district court abused its discretion in denying Inhale's motion for attorneys' fees. The fact that other defendants either had a default judgment entered against them or settled does not impact the validity or reasonableness of Jergenson's claims against Inhale.

Settlements are a common and encouraged practice in civil litigation. They serve to reduce the burden on the courts and promote judicial efficiency. The fact that Jergenson settled with other defendants or obtained judgments against them reflects practical resolutions to complex litigation and does not imply that his claims were baseless or pursued in bad faith.

## IV.    Inhale Improperly Seeks to Re-Litigate Fully Adjudicated Matters

Inhale never presented an amended counterclaim. Instead, in opposition to plaintiff's motion for voluntary dismissal, Inhale requested the district court to reinstate the previously stricken second count of its counterclaim and "adjudicate the validity" of Jergenson's trademark. [86, p.4]

The district court dismissed plaintiff's case on April 7, 2023. That dismissal disposed of plaintiff's claims, and it contained the court's finding that there was no reason to delay entry of judgment or terminate the case.

When it dismissed plaintiff's case, the district court specifically denied Inhale's request to reinstate its counterclaim. [87] By its terms, the order was final. Inhale did not

appeal the district court's rejection of its request to adjudicate the validity of Jergenson's trademark.

Inhale cannot use this appeal to substitute for the lack of an appeal concerning the underlying case. In connection with arguments concerning interlocutory injunctions and discovery, the district court encountered allegations or accusations concerning "frauds" on the PTO, abandonment of trademarks, and the breadth of the tobacco exception to the Controlled Substance Act, and, when the district court decided not to award fees to Inhale, it determined that, all things considered, Jergenson's case was not "exceptional" and did not warrant an award of attorneys' fees.

Inhale did not challenge any of the district court's substantive orders and has no basis to criticize the court's subsequent assessment of whether *Octane Fitness* called for an award of fees. The district court's final order on the merits of the case [87] was not a mere "stepping stone" in reaching the court's ultimate conclusion regarding *Octane Fitness*. Whatever interlocutory decisions led to the district court's order dismissing plaintiff's case with prejudice might well have been appealable, together with the court's rejection of Inhale's request to reinstate its counterclaims, but Inhale's failure to appeal that final order [87] precludes this Court from revisiting the district court's rulings. (*See*, *Heraeus Kulzer, GMBH v. Biomet, Inc.*, 881 F.3d 550, 563 (7th Cir. 2018), *citing*, *Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012))

## CONCLUSION

Because the district court properly applied *Octane Fitness* and considered all relevant circumstances in determining that attorneys' fees were not warranted in this case, the district court did not abuse its discretion, and as such, this Court should affirm the decision of the district court.

Respectfully submitted,

/s/ Joseph E. Tighe
Attorney for Plaintiff-Appellee

JOSEPH E. TIGHE
Reyes Kurson, Ltd.
328 South Jefferson Street, Suite 909
Chicago, IL 60661
(312) 332-0055
(312) 332-0419 (fax)
jtighe@rkchicago.com

*Counsel of Record*

JAMES E. JUDGE
YING CHEN
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, IL 60602
(312) 724-8874
jjudge@fleneriplaw.com
ying@fleneriplaw.com

**RULE 32(a) CERTIFICATION**

The undersigned certifies, pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, that this Brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because the Brief contains 5,245 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

The undersigned further certifies that this Brief complies with the typeface requirements of Rule 32(a)(5) and type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 12-point Book Antiqua font.


Dated: May 29, 2024

/s/ Joseph E. Tighe
Attorney for Plaintiff-Appellee Phillip Jergenson